IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB SCHNEIDER,

        Plaintiff,

v.

CORVALLIS SCHOOL DISTRICT
509J and JAY CONROY,

        Defendants.

Civil No. 05-6375-TC

O R D E R

COFFIN, Magistrate Judge:

Plaintiff is a former student at Corvallis High School(CHS). He was suspended by defendant Conroy, the principal of CHS, after admitting to creating and using counterfeit money to purchase items at the school store.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and brings additional claims for negligence and intentional infliction of emotional distress. Presently before the court is defendants' motion (#12) for summary judgment.[1]

---

[1] Additional related motions recently came under advisement. Plaintiff's motion (#42) to withdraw affidavits is allowed and all the supplemental affidavits with the exception of the affidavit of Peter Tromba are stricken as a result. As such, defendants' motions to strike those particular supplemental affidavits are denied as moot. Defendants' motion to strike (included in #37 and #41) the supplemental affidavit of Tromba is allowed and such affidavit( attached to plaintiff's Supplemental Response(#32)) is stricken. The Tromba affidavit is outside this court's request at oral argument for "a supplemental memo specifying exactly where in the record there is evidence about these breaches of confidentiality that allegedly occurred." The affidavit is not within the scope of the court's request and is untimely. It is an addition of evidence to the summary judgment opposition that is past the deadline for such opposition. See generally Hambleton Brothers Lumber Co. v. Balking Enterprises, 397 F.3d 1217 (9th Cir. 2005). It should be noted that plaintiff had not filed motions to extend time regarding this matter or

(continued...)

Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).

---

[1](...continued)
motions to compel discovery. Moreover, the affidavit is not being considered because it does not comply with Fed. R. Civ P. 56(e) which requires that affidavits show affirmatively that the affiant is competent to testify to matters stated therein." Finally, even if the affidavit were considered, it appears that Oregon Administrative Rules may provide an exception to confidentiality rules in the circumstances of this case, thereby allowing Conroy to speak to Tromba, the principal of North Eugene High School, about plaintiff.

## Factual Background

Plaintiff has Attention Deficit Disorder and Hyperactivity Disorder and had an Individual Education Plan (IEP) at his school. He was a senior at Corvallis High School (CHS) in 2003-2004. In early November of 2003, plaintiff and CHS student Max Chaney created counterfeit money using plaintiff's father's computer equipment. On or about November 4, 2003, plaintiff and Chaney were caught passing counterfeit bills at the CHS student store. They initially denied their involvement, but later confessed to creating and using the fake money. The Corvallis Police Department investigated, and on November 4, 2003, plaintiff was cited for Forgery I and Criminal Possession of a Forged Instrument I.

On November 5, 2003, plaintiff was given notice of suspension for ongoing disciplinary issues (which included a Minor In Possession charge, two harassment/misconduct complaints, and at least one athletic code violation) and for having been charged with Forgery, and Possession of a Forged Instrument on campus. On November 9, 2003, plaintiff was advised that the District was inclined to move ahead with suspension and expulsion proceedings. However, given plaintiff's intent to finish his CHS course load outside of class, the District was recommending that it move for expulsion for the balance of the year, but hold the proceedings in abeyance provided certain conditions were satisfied.

On November 17, 2003 Chaney was advised that he would be subject to an in-school suspension for four days, a three week suspension from athletic activity, and community service/grounds work at CHS. Chaney, a quarterback on the CHS football team, was unable to play in the football playoffs or to compete in the first two weeks of wrestling. The disciplinary course of action was based on Chaney's lack of prior disciplinary issues and his cooperation in answering questions regarding the counterfeit money.

Plaintiff ultimately transferred to North Eugene High School to finish his senior year where he succeeded academically. Prior to his transfer to North Eugene, plaintiff completed and passed all of his classes at CHS. Plaintiff was convicted of Forgery 1 in Benton County Circuit Court on April 16, 2004.

Discussion

Federal Claims

Plaintiff alleges in his §1983 claim that defendant Conroy deprived plaintiff of his rights to equal protection by failing to discipline Chaney and by treating plaintiff differently in disciplinary matters pertaining to the incident.

Plaintiff has not opposed defendants' argument against any 6th Amendment right to counsel claim that plaintiff may be asserting. As such, and because the facts of this matter as they relate to defendants do not arise from a criminal proceeding, any such claim is dismissed. Plaintiff has not brought claims under the American with Disabilities Act or §504 of the Rehabilitation Act.

As to the Equal Protection Claim, plaintiff asserts in a conclusory fashion that the harsher punishment inflicted on him was due to behavioral issues resulting from learning disabilities and that defendant Conroy was punishing him for the disability. Because persons with disabilities are not considered members of a protected class under the Equal Protection Clause, plaintiff's claim is essentially a "class of one" equal protection claim. See, e.g., Yates v. Beck, 2003 WL 22231260 (W. D. N.C. 2003). In Village of Willowbrook v. Olech, 528 U.S. 562,564 (2000), the Supreme Court, while reviewing a motion to dismiss and applying the appropriate standard, recognized "successful equal protection claims by a 'class of one' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rationale basis for this treatment." Village of Willowbrook v. Olech, 528 U.S. 562,564 (2000). Plaintiff's equal protection claim will be defeated by any rational explanation for defendant's conduct in distinguishing between plaintiff and others similarly situated to him. See, e.g., Yates, supra, see Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 367 (2001)(in proving an equal protection violation under the rational basis test, the "burden is upon the challenging party to negate any reasonable state of facts that could provide a rational basis for the classification").

Plaintiff has not sufficiently established with admissible evidence his equal protection claim. Plaintiff's prior disciplinary record and Chaney's lack thereof amount to a rational basis and rational explanation for defendant Conroy's conduct in distinguishing between plaintiff and Chaney. Rule

4 - ORDER

56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact" since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex Corp., supra at 32.

In addition, it should be generally noted in the circumstances of this case that the Supreme Court "has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." Boucher v. School Bd. of School Dt. of Greenfield, 134 F.3d 821, 827 (7th Cir, 1998)(quoting Tinker v. Des Moines Indep. Community School Dist., 393 U.S. 503 , 507 (1969). "Without first establishing discipline and maintaining order, teachers cannot begin to educate their students." New Jersey v. T.L.O., 469 U.S. 325, 350 (1985)(Powell, J. concurring). It should surprise no student that the commission of a felony on school grounds may result in expulsion, especially where the school is the victim and the student has a prior history of misconduct. By taking into account plaintiff's prior record of misconduct and meting out more severe punishment to him than it did to his accomplice, defendants did no more nor less than the criminal justice system does whenever it deals with a repeat offender. The distinction made is not only rational, but eminently fair.

State Claims

A. Negligence Claim

Plaintiff concedes that defendant Conroy is entitled to summary judgment on this claim. Plf's Memo at 5. As to defendant School District, the negligence claim also fails. A person may generally not recover for negligent infliction of emotional distress under Oregon law unless a physical injury is implicated and none is alleged or asserted here. See Hammond v. Central Lane Communications Center, 312 Or. 17, 22-23 (1991). Plaintiff argues that an exception to this general rule is applicable as

5 - ORDER

defendant's conduct infringed upon plaintiff's "legally protected right to confidentiality and upon his civil rights." Plaintiff's Memo at p. 3. However, plaintiff has offered no admissible factual evidence to show that his right to confidentiality or his civil rights were infringed.

B. Intentional Infliction of Emotional Distress

This claim fails as a rationale trier of fact could not find that defendants' acts amounted to this claim's element of an "extraordinary transgression of the bounds of socially tolerable conduct." See Petty v. Rogue Federal Credit Union, 106 Or. App. 538, 542 (1990); see generally Snyder v. Sunshine Dairy, 87 Or. App. 215, 218 (1987).

## Conclusion

The parties motions(#37, #41, #42) regarding affidavits are allowed in part and denied in part as set forth in footnote 1.

Defendants' motion (#12) for summary judgment is allowed and this action is dismissed..

DATED this 27+ day of December, 2006.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 - ORDER